Bryan SANCHEZ, Petitioner–Appellant,

v.

Raymond MADDEN, Respondent–Appellee.

No. 15-56742

United States Court of Appeals, Ninth Circuit.

Argued and Submitted August 7, 2017 Pasadena, California

OCTOBER 04, 2017

Stephanie Marie Adraktas, Attorney, Law Office of Stephanie Adraktas, Berkeley, CA, for Petitioner–Appellant.

Bryan Sanchez, Imperial, CA, Pro Se.

Jonathan Matthew Krauss, Deputy Attorney General, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

1. The California Court of Appeal's decision was not contrary to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although the state court initially indicated that Sanchez needed to "prove he received an unreliable or fundamentally unfair trial"—a higher hurdle than *Strickland*'s prejudice standard imposes—the court correctly applied *Strickland* in its analysis. "[I]t is the application, not the recitation of a standard that matters for § 2254(d) purposes." *Hardy v. Chappell*, 849 F.3d 803, 819 (9th Cir. 2016).

2. The state court did not unreasonably conclude that Sanchez was not prejudiced by his lawyer's deficient performance. Given the evidence that contradicted Sanchez's father's alibi testimony, we cannot say that all fairminded jurists would conclude that the state court's prejudice decision was wrong. *See Harrington v. Richter*, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.").

3. Sanchez alternatively characterizes the state court's decision as being based on an unreasonable determination of the facts. The state court reviewed the evidence presented at Sanchez's trial and concluded that "a somewhat stronger alibi would not have had any impact on the outcome." That determination was not unreasonable for the reason discussed above.

**AFFIRMED.**

by Ninth Circuit Rule 36–3.